Based on the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. It is undisputed that plaintiff sustained an injury by accident arising out of and in the course of her employment on 26 May 1995, when a metal bar crushed the dorsal aspect over the metacarpal region and proximal phalanx of her right hand.
2. Upon her return to work, plaintiff alleges that her duties violated the restrictions imposed by Dr. Eve Hanna. Plaintiff further alleges that when Dr. Hanna visited defendants plant, that he was shown duties being performed that were not those actually performed by plaintiff. Conversely, defendant contends that the work provided to plaintiff following her injury by accident was suitable and did not violate her restrictions.
3. Despite the critical nature of his testimony, the parties did not take the deposition of Dr. Hanna. Without this evidence, the Commission cannot determine the proper resolution of this case.
4. Because of the critical nature of this issue, plaintiff did not pursue her claim based on unfounded litigiousness.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 26 May 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. G.S. 97-2(6). The issue of whether or not the position provided to plaintiff by defendant upon her return to work was suitable to or in violation of her restrictions cannot be properly determined absent the deposition of Dr. Hanna.
2. Defendant is not entitled to the award of attorneys fees as plaintiff pursued this matter based upon reasonable grounds. G.S. 97-88.1
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission VACATES the prior Opinion and Award and enters the following:
 ORDER
1. This matter is hereby REMANDED the appropriate region for the determination of whether or not the position in question violated plaintiffs restriction as imposed by Dr. Hanna.
2. Prior to a decision being entered by the Deputy Commissioner, the parties shall take the deposition of Dr. Eve Hanna, which shall be paid for by defendant.
3. Following the taking of this deposition, should related issues arise, either party may request a new hearing before the Deputy Commissioner to which this case is assigned. However, should a hearing not be required, the parties may submit additional contentions and have the Deputy Commissioner render an Opinion and Award not inconsistent with this Order based on the record, including the deposition of Dr. Hanna.
4. No additional costs are assessed at this time.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_______________ DIANNE C. SELLERS COMMISSIONER